FILED
2/2/2015 10:13:26 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-15-00537-D

| | | |
|---|---|---|
| DAVID WAYNE BIGGS<br>*PLAINTIFF*, | § § § | IN COUNTY COURT AT LAW |
| V. | § § § | NO. ___ |
| ROCK-TENN COMPANY<br>*DEFENDANT.* | § § | DALLAS COUNTY, TEXAS |

**Plaintiff's Original Petition with Requests for Disclosure, Requests for Admissions, Interrogatories and Requests for Production**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES David Wayne Biggs, whose last three digits of his Texas driver's license are *****961, Plaintiff, and files this, his Original Petition with Requests for Disclosure, Requests for Admissions, Interrogatories and Requests for Production to Rock-Tennation Corporation against Rock-Tenn Company and would respectfully show the Court as follows:

### I. Discovery Level

1.1   Discovery is intended to be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II. Parties

2.1   Plaintiff David Wayne Biggs ("Biggs") is a resident of Tarrant County, Texas.

2.2   Defendant Rock-Tenn Company is a foreign for-profit corporation organized and existing under the laws of the State of Georgia ("Rock-Tenn") whose principal address is located 504 Thrasher Street, Norcross, Georgia 30071. Rock-Tenn is authorized to do business and does business in Dallas County, Texas. Rock-Tenn may be served with process by serving its

registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III. Jurisdiction

3.1   This Court has subject matter jurisdiction over this action because the amount in controversy is within the jurisdictional limits of this Court.

3.2   This Court has personal jurisdiction over Defendant because this suit, in part, concerns acts or omissions of such Defendant in the State of Texas.

### IV. Venue

4.1   Venue is proper in Dallas County, Texas, pursuant to Section 15.002(a)(1), of the Texas Civil Practice and Remedies Code, V.T.C.A.

### V. Factual Background

5.1   On or about April 20, 2013, Biggs was employed by and working within the course and scope of his employment with Diamondback Services, Inc. Biggs was the driver and operator of a tractor-trailer and prior to the incident, Biggs was dispatched to the Rock-Tenn location in Grand Prairie, Texas to pick up and transport a commercial paper load (approximately 6,000 lbs.). The paper load was already loaded on the trailer by Rock-Tenn prior to Biggs arrival and transport. Upon information and belief, an unknown Rock-Tenn employee(s), independent contractor(s) and/or agent(s) loaded the paper load to the trailer Biggs was dispatched to pick up and transport. After picking up the paper load from Rock-Tenn and while Biggs was transporting the Rock-Tenn paper load, Biggs was traveling near the intersection of the 5800 block of Interstate Highway 35 South and 100 block of Altamesa Boulevard in Fort Worth, Tarrant County, Texas. As Biggs was driving on a steep ramp, the

paper load he was transporting shifted, causing the truck to turn on its side. As a result of the incident, Biggs sustained personal injuries.

5.2   Rock-Tenn owed Biggs a duty to load and secure the paper to the trailer in a careful and lawful manner. Rock-Tenn violated such duty owed to Biggs, thus proximately causing and bringing about the incident, resulting in Biggs's personal injuries.

5.3   Prior to and at the time of the collision, which is the subject of this cause of action, and at all other relevant times, upon information and belief, the unknown individual(s) responsible for loading and securing the paper was/were an employee(s), independent contractor(s) and/or agent(s)/representative(s) of Rock-Tenn. Upon information and belief, said unknown person(s) was/were acting in the course and scope and/or in furtherance of Rock-Tenn's business at the time the paper was loaded and secured at the Rock-Tenn Grand Prairie, Dallas County, Texas location. Biggs would show that the paper was improperly and negligently loaded and not properly secured at the Rock-Tenn location prior to the incident. Accordingly, Rock-Tenn is vicariously liable for the acts and/or omissions of its employee(s), independent contractor(s), agent(s)/representative(s).

## VI. Claims

6.1   *Alternative Pleadings*. To the extent necessary, each of the claims set forth below are plead in the alternative.

6.2   *Negligence*. Plaintiff would show the Court that, by Defendant's conduct, Defendant was negligent, said negligence being a proximate cause of Plaintiff's damages in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.

6.3 *Respondeat Superior*. As a result of Defendant's actions, Biggs sustained bodily injury. Upon information and belief, the unknown individual(s) responsible for loading and securing the paper was/were an employee(s), independent contractor(s) and/or agent(s)/representative(s) of Rock-Tenn and acting within the course and scope of employment and/or in furtherance of Rock-Tenn's business. As a direct and proximate result of such actions, Biggs sustained bodily injury.

## VII. Biggs's Past Medical Bills

7.1 Biggs would show that he incurred reasonable expenses for necessary medical care in the past for his injuries caused from the above-described conduct.

7.2 The charges made therefore were fair and reasonable, and were the usual and customary charges for like or similar services at the time and place rendered.

## VIII. Biggs's Future Medical Expenses

8.1 Biggs sues further for reasonable expenses for future treatment and/or necessary medical and hospital care he will, in reasonable medical probability, require as a result of his injuries sustained from the conduct described above.

## IX. Wage and Earning Capacity Loss - Past and Future

9.1 Before the above-described incident Biggs was a strong able-bodied man. As a result of the injuries and physical impairment, caused by Defendant's conduct, Biggs has lost earnings and earning capacity in the past and he will, in all reasonable probability, continue to suffer a loss of wage earning capacity in the future.

## X. Biggs's Unliquidated Damages – Past and Future

10.1  Biggs also suffered unliquidated damages from injuries, proximately caused by Defendant's conduct, as follows:

(1)  Physical pain and mental anguish in the past;

(2)  Physical pain and mental anguish which in reasonable medical probability he will suffer in the future;

(3)  Loss of travel expenses commuting to doctors in the past;

(4)  Loss of travel expenses commuting to doctors in which reasonable probability he will sustain in the future;

(5)  Physical impairment in the past;

(6)  Physical impairment which in reasonable medical probability he will suffer in the future;

(7)  Loss of earning capacity in the past;

(8)  Loss of earning capacity which in reasonable medical probability he will suffer in the future;

(9)  Disfigurement in the past; and

(10) Disfigurement which he will in reasonable medical probability, continue to suffer into the future.

10.2  For all of the above-described injuries and damages, Biggs requests that he recover of and from Defendant a sum within the jurisdictional limits of this Court for which he now sues.

## XI. Rule 47 Statement of Monetary Relief Sought

11.1 Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in

the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states monetary relief over $200,000 but not more than $1,000,000., in such amount to be determined by the jury, is being sought. Plaintiff reserves the right to adjust this amount as time progresses and the full nature and scope of Plaintiff's damages is determined.

## XII. Jury Demand

12.1   Biggs hereby demands a jury trial.

## XIII. Requests for Disclosure to Rock-Tenn

13.1   Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) – (m). Plaintiff's Requests for Disclosure are attached hereto and incorporated by reference.

## XIV. Requests for Admissions to Rock-Tenn

14.1   Under Texas Rule of Civil Procedure 198, Plaintiff requests that Defendant respond to Plaintiff's Requests for Admissions within fifty (50) days of the service of such requests. Plaintiff's Requests for Admissions are attached hereto and incorporated by reference.

## XV. Interrogatories

15.1   Under Texas Rule of Civil Procedure 197, Plaintiff requests that Defendant respond to Plaintiff's Interrogatories within fifty (50) days of the service of such requests. Plaintiff's Interrogatories are attached hereto and incorporated by reference.

## XVI. Requests for Production

16.1   Under Texas Rule of Civil Procedure 196, Plaintiff requests that Defendant respond to Plaintiff's Requests for Production within fifty (50) days of the service of such requests. Plaintiff's Requests for Production are attached hereto and incorporated by reference.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Wayne Biggs respectfully requests that Defendant Rock-Tenn Company be cited to appear and answer, and that on final trial, Plaintiff receives the following:

1. Judgment against Defendant for Plaintiff's damages sustained as a result of Defendant's conduct;
2. Pre-judgment and post-judgment interest at the maximum rate allowed by law;
3. Costs of court; and
4. Such other and further relief, both general and special, at law and in equity to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Avery McDaniel
Avery McDaniel            24000121
Garette M. Amis           24040425

McDaniel Patterson Law Group
1205 North Main Street
Fort Worth, Texas 76164
Telephone: (817) 810-9500
Telecopier: (817) 810-9994
Email: avery@mplawgroup.com
Email: garette@mplawgroup.com
*Attorneys for Plaintiff*

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID WAYNE BIGGS<br>*PLAINTIFF*, | § § § | IN COUNTY COURT AT LAW |
| V. | § § | NO. \_\_\_ |
| ROCK-TENN COMPANY<br>*DEFENDANT.* | § § § | DALLAS COUNTY, TEXAS |

**Plaintiff's Requests for Disclosure to Defendant Rock-Tenn Company**

To: Defendant Rock-Tenn Company, by and through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Texas Rules of Civil Procedure 194, Plaintiff serves his Requests for Disclosure to Defendant Rock-Tenn Company. Accordingly, Defendant shall produce and disclose the information and/or material set forth in Rule 194.2 (a) – (m) to Plaintiff through his attorney of record, McDaniel Patterson Law Group, 1205 North Main Street, Fort Worth, Texas 76164 on or before fifty (50) days following service of this request.

Respectfully submitted,

/s/ Avery McDaniel
Avery McDaniel       24000121
Garette M. Amis     24040425

McDaniel Patterson Law Group
1205 North Main Street
Fort Worth, Texas 76164
Telephone: (817) 810-9500
Telecopier: (817) 810-9994
Email: avery@mplawgroup.com
Email: garette@mplawgroup.com

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been served upon the Defendant simultaneously with Plaintiff's Original Petition with Requests for Disclosure, Requests for Admissions, Interrogatories and Requests for Production.

/s/ Avery McDaniel
Avery McDaniel