IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID WAYNE BIGGS, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 3:15-cv-00936 |
| § | |
| ROCKTENN CP, LLC AND ROCK-TENN § | |
| SHARED SERVICES, LLC § | |
|     Defendants. § | |

**Plaintiff's First Amended Complaint with Interrogatories and Requests for Production Against Rock Tenn CP, LLC and Rock-Tenn Shared Services, LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES David Wayne Biggs, Plaintiff, and files this, his First Amended Complaint with Interrogatories and Requests for Production against RockTenn CP, LLC and Rock-Tenn Shared Services, LLC and would respectfully show the Court as follows:

### I. Parties

1.1   Plaintiff David Wayne Biggs ("Biggs") is a resident of Tarrant County, Texas.

1.2   Defendant RockTenn CP, LLC is a foreign for-profit corporation organized and existing under the laws of the State of Delaware ("RockTenn CP").  Counsel for Defendant RockTenn CP has agreed to accept service of Plaintiff's First Amended Complaint on behalf of Defendant RockTenn CP.

1.3   Defendant Rock-Tenn Shared Services, LLC is a foreign for-profit corporation organized and existing under the laws of the State of Georgia ("Rock-Tenn Shared Services"). Counsel for Defendant Rock-Tenn Shared Services has agreed to accept service of Plaintiff's First Amended Complaint on behalf of Defendant Rock-Tenn Shared Services.

## II. Jurisdiction

2.1 This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Biggs, as a citizen of Texas, RockTenn CP, as a citizen of Delaware and Rock-Tenn Shared Services, as a citizen of Georgia, are citizens of different states and the amount in controversy exceeds $75,000.

## III. Venue

3.1 Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. More specifically, a substantial part of the events or omissions giving rise to this claim occurred in Grand Prairie, Dallas County, Texas.

## IV. Conditions Precedent

4.1 All conditions precedent have been performed or have occurred.

## V. Facts

5.1 On or about April 20, 2013, Biggs was employed by and working within the course and scope of his employment with Diamondback Services, Inc. Biggs was the driver and operator of a tractor-trailer and prior to the incident, Biggs was dispatched to the RockTenn CP and/or Rock-Tenn Shared Services location in Grand Prairie, Texas to pick up and transport a commercial paper load (approximately 6,000 lbs.). The paper load was already loaded on the trailer by RockTenn CP and/or Rock-Tenn Shared Services prior to Biggs arrival and transport. Upon information and belief, an unknown RockTenn CP and/or Rock-Tenn Shared Services employee(s), independent contractor(s) and/or agent(s) loaded the paper load to the trailer Biggs was dispatched to pick up and transport. After picking up the paper load from RockTenn CP and/or Rock-Tenn Shared Services and while Biggs was transporting the RockTenn CP and/or

Rock-Tenn Shared Services paper load, Biggs was traveling near the intersection of the 5800 block of Interstate Highway 35 South and 100 block of Altamesa Boulevard in Fort Worth, Tarrant County, Texas.  As Biggs was driving on a steep ramp, the paper load he was transporting shifted, causing the truck to turn on its side. As a result of the incident, Biggs sustained personal injuries.

      5.2    RockTenn CP and/or Rock-Tenn Shared Services owed Biggs a duty to load and secure the paper to the trailer in a careful and lawful manner. RockTenn CP and/or Rock-Tenn Shared Services violated such duty owed to Biggs, thus proximately causing and bringing about the incident, resulting in Biggs' personal injuries.

      5.3    Prior to and at the time of the collision, which is the subject of this cause of action, and at all other relevant times, upon information and belief, the unknown individual(s) responsible for loading and securing the paper was/were an employee(s), independent contractor(s) and/or agent(s)/representative(s) of RockTenn CP and/or Rock-Tenn Shared Services.  Upon information and belief, said unknown person(s) was/were acting in the course and scope and/or in furtherance of RockTenn CP and/or Rock-Tenn Shared Services' business at the time the paper was loaded and secured at the RockTenn CP and/or Rock-Tenn Shared Services Grand Prairie, Dallas County, Texas location. Biggs would show that the paper was improperly and negligently loaded and not properly secured at the Rock-Tenn location prior to the incident.  Accordingly, RockTenn CP and/or Rock-Tenn Shared Services is vicariously liable for the acts and/or omissions of its employee(s), independent contractor(s), agent(s)/representative(s).

## VI. Claims

6.1     *Alternative Pleadings*. To the extent necessary, each of the claims set forth below are plead in the alternative.

6.2     *Negligence*.  Plaintiff would show the Court that, by Defendants' conduct, Defendants were negligent, said negligence being a proximate cause of Plaintiff's damages in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sue.

6.3     *Respondeat Superior*.  As a result of Defendants' actions, Biggs sustained bodily injury.  Upon information and belief, the unknown individual(s) responsible for loading and securing the paper was/were an employee(s), independent contractor(s) and/or agent(s)/representative(s) of RockTenn CP and/or Rock-Tenn Shared Services and acting within the course and scope of employment and/or in furtherance of RockTenn CP and/or Rock-Tenn Shared Services' business.  As a direct and proximate result of such actions, Biggs sustained bodily injury.

## VII. Biggs' Past Medical Bills

7.1     Biggs would show that he incurred reasonable expenses for necessary medical care in the past for his injuries caused from the above-described conduct.

7.2     The charges made therefore were fair and reasonable, and were the usual and customary charges for like or similar services at the time and place rendered.

## VIII. Biggs' Future Medical Expenses

8.1     Biggs sues further for reasonable expenses for future treatment and/or necessary medical and hospital care he will, in reasonable medical probability, require as a result of his injuries sustained from the conduct described above.

## IX. Wage and Earning Capacity Loss - Past and Future

9.1     Before the above-described incident Biggs was a strong able-bodied man.  As a result of the injuries and physical impairment, caused by Defendants' conduct, Biggs has lost earnings and earning capacity in the past and he will, in all reasonable probability, continue to suffer a loss of wage earning capacity in the future.

## X. Biggs' Unliquidated Damages – Past and Future

10.1    Biggs also suffered unliquidated damages from injuries, proximately caused by Defendants' conduct, as follows:

(1)     Physical pain and mental anguish in the past;

(2)     Physical pain and mental anguish which in reasonable medical probability he will suffer in the future;

(3)     Loss of travel expenses commuting to doctors in the past;

(4)     Loss of travel expenses commuting to doctors in which reasonable probability he will sustain in the future;

(5)     Physical impairment in the past;

(6)     Physical impairment which in reasonable medical probability he will suffer in the future;

(7)     Loss of earning capacity in the past;

(8)     Loss of earning capacity which in reasonable medical probability he will suffer in the future;

(9)     Disfigurement in the past; and

(10)    Disfigurement which he will in reasonable medical probability, continue to suffer into the future.

10.2    For all of the above-described injuries and damages, Biggs requests that he recover of and from Defendants a sum within the jurisdictional limits of this Court for which he now sues.

## XI  Jury Demand

11.1    Biggs hereby demands a jury trial.

## XII.  Interrogatories

12.1    Under Texas Rule of Civil Procedure 197, Plaintiff requests that Defendants respond to Plaintiff's Interrogatories within fifty (50) days of the service of such requests. Plaintiff's Interrogatories are attached hereto and incorporated by reference.

## XIII.  Requests for Production

13.1    Under Texas Rule of Civil Procedure 196, Plaintiff requests that Defendants respond to Plaintiff's Requests for Production within fifty (50) days of the service of such requests.  Plaintiff's Requests for Production are attached hereto and incorporated by reference.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Wayne Biggs respectfully requests that Defendants RockTenn CP, LLC and Rock-Tenn Shared Services, LLC be cited to appear and answer, and that on final trial, Plaintiff receives the following:

1. Judgment against Defendants for Plaintiff's damages sustained as a result of Defendants' conduct;
2. Pre-judgment and post-judgment interest at the maximum rate allowed by law;
3. Costs of court; and
4. Such other and further relief, both general and special, at law and in equity to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Avery McDaniel
Avery McDaniel            24000121
Garette M. Amis           24040425

McDaniel Patterson Law Group
1205 North Main Street
Fort Worth, Texas 76164
Telephone: (817) 810-9500
Telecopier: (817) 810-9994
Email: avery@mplawgroup.com
Email: garette@mplawgroup.com
*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on the 30th day of June, 2015, true and correct copy of the foregoing instrument has been served upon all counsel of record as follows:

| | |
|---|---|
| Aaron J. Burke | David L. Sargent |
| Hartline Davus Barger Dreyer, LLP | Brent Chandler |
| 8750 North Central Expressway | Sargent Law, P.C. |
| Dallas, Texas 75231 | 901 Main Street, Suite 5200 |
| **Via email:** Aburke@hdbdlaw.com | Dallas, Texas 75202 |
| **Via Fax: (214) 369-2118** | **Via Email:** |
| | **brent.chandler@sargentlawtx.com** |
| | **Via Facsimile: (214) 749-6310** |

/s/ Avery McDaniel

**Plaintiff's First Amended Complaint with Interrogatories and Requests for Production Against RockTenn CP, LLC and Rock-Tenn Shared Services, LLC**
**Page 7 of 7**